IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RICHARD DELANEY KYLES, #257935 § | |
| § | |
| V. § | CIVIL ACTION NO. G-03-053 |
| § | |
| GERALD GARRETT, ET AL. § | |

## REPORT AND RECOMMENDATION

Plaintiff Richard Delaney Kyles, proceeding *pro se*, filed the instant suit pursuant to 42 U.S.C. §1983, alleging, *inter alia*, that the Texas Board of Pardons and Paroles violated his rights under the *Ex Post Facto* Clause. The District Court dismissed the case as frivolous and for failure to state a claim for which relief can be granted on October 4, 2004. Plaintiff filed a timely appeal and on April 10, 2007, the United States Court of Appeals for the Fifth Circuit affirmed the Court's finding on Plaintiff's equal protection claim but vacated and remanded the *ex post facto* claim for further proceedings. Now before the Court is Defendants Garrett and Fox's Motion to Dismiss, to which Plaintiff has filed a response.

A Motion to Dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Such a dismissal is proper only where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) Motion to Dismiss, the Court accepts as true all well-pleaded allegations in the complaint and views them in a light most favorable to the Plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

In the Fifth Circuit's Opinion of April 10, 2007, the Court placed specific emphasis on the fact that "two of the three members of the regional panel that would have considered his parole application under the former procedure have twice voted for his release"; the Court specifically referenced the minutes of the parole board. In their Motion to Dismiss, however, Defendants completely failed to address this fact and appear to have completely ignored the Fifth Circuit's mention of, and reliance upon, Plaintiff's parole records. Instead, Defendants merely reiterated the legal analysis that prompted the remand of the *ex post facto* claim in the first place. While this Court expresses absolutely no opinion on whether Plaintiff's *ex post facto* claim will survive a summary judgment motion, it is the **RECOMMENDATION** of this Court that the pending Motion to Dismiss under Rule 12(b)(6) (Instrument no. 39) be **DENIED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties, who shall have until **July 27, 2007** to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____13th____ day of July , 2007.

_____
John R. Froeschner
United States Magistrate Judge