IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD DELANEY KYLES, | § | |
| TDCJ-CID NO.257935, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-03-0053 |
| | § | |
| GERALD GARRETT, *et al.*, | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

In the pending civil rights action, plaintiff seeks a declaratory judgment that defendants violated his constitutional rights when they (1) failed to apply the correct statutory formula for securing his parole suitability during his 2002, 2004, and 2007 review process; (2) denied him a fair and adequate suitability review process under the statutory substantive formula under the statute in effect on this crime date; and (3) caused him irreparable harm of prolonged confinement.[1] (Docket Entry No.38-1, pages 18-19). Plaintiff also seeks an injunction ordering defendants to apply the former parole scheme in Article 42.12 of the Texas Code of Criminal Procedure to his future parole proceedings. (*Id.*, page 19).

Defendants move for summary judgment on the ground that plaintiff is precluded from seeking relief in this action by the doctrines of res judicata and collateral estoppel, and that he has failed to state a constitutional violation. (Docket Entry No.47). Plaintiff has filed a response to the motion and several motions. (Docket Entries No.52, No.53, No.89, No.90, No.91, No.93, No.94, No.96, No.97).

For the reasons set forth below, the Court will grant defendants' motion for summary judgment, dismiss this civil action, and deny plaintiff's pending motions.

---

[1] The Court will not revisit the procedural history of the case as it is well-documented in other orders.

CLAIMS

Plaintiff was convicted of capital murder in 1975, and first became eligible for parole review in 1981. (Docket Entry No.52-1, page 6). Prior to September 1, 1995, parole consideration was allowed by a majority vote of a three member regional panel of the Board of Pardons and Paroles.[2] (*Id.*, page 7). Plaintiff was last reviewed and denied parole under this scheme on May 17, 1995. (*Id.*). In 1995, a new law went into effect that changed the substantive formula for securing release to parole by expanding decision-making powers from the regional level to the state level and requiring a favorable vote by twelve of the eighteen members of the parole panel, regardless of the date of the conviction.[3] (*Id.*). Plaintiff was again denied release to parole in 1998, 1999, and 2002. (*Id.*, pages 7-8). On January 11, 2004, an amendment to the parole statute reduced the number of members of the Board of Pardons and Paroles from eighteen to seven.[4] (*Id.*, page 9). Plaintiff was again denied parole in 2004. (Docket Entries No.52-1, page 9).

Plaintiff contends that in 2002 and 2004, he received sufficient votes under the statute in effect at the time of his conviction to be suitable for release on parole. Plaintiff notes that in April 2002, that two of three Parole Board members who had supervisory control over Ramsey Unit inmates, voted in favor of his parole suitability. (Docket Entry No.62, page 2). Plaintiff contends in 2004, that three Parole Board members voted F1-1, expressing confidence in his parole suitability. (Docket Entry No.38-4, Exhibit A). Yet, he was denied parole because he did not attain the required votes under the statutes in effect in 2002 and 2004. (*Id.*).

---

[2] *See* former TEX. CODE CRIM. P. ANN. art. 42.12, § 14A(i) (1979) and former TEX. CODE CRIM. P. ANN. art. 42.18, §7(e) (Vernon 1994).

[3] Current version at TEX. GOV'T CODE ANN. § 508.046 (Vernon 2004 & Supp. 2010).

[4] Current version at TEX. GOV'T CODE ANN. § 508.031 (Vernon 2004).

In 2005, the Texas Legislature amended section 12.31 of the Texas Penal Code to set punishment for an individual convicted of a non-death penalty capital offense to imprisonment for life without parole. TEX. PENAL CODE ANN. § 12.31(a)(1) (Vernon 2003 and Supp. 2010). The Legislature did not make the law retroactive but stated that an offense committed before the effective date of the Act is covered by the law in effect when the offense was committed. *Id.* Plaintiff contends this amendment removes capital felonies from the statutory full board vote requirement and specifically returns suitability procedures to the statute in effect on the date of the criminal offense. (Docket Entry No.62, page 13). Yet, plaintiff complains, he was reviewed for parole suitability in January 2007, by the state-wide seven-member Board, instead of the three-member regional panel provided by the law in effect at the time of his offense. (*Id.*). Plaintiff has not been released to parole.

Defendants argue that plaintiff is precluded from seeking relief in this action under the doctrines of collateral estoppel and res judicata because the state habeas courts adjudicated the same *ex post facto* claim in the present case during the pendency of this civil rights suit. (Docket Entry No.47). They also move for summary judgment on the ground that plaintiff has failed to state a constitutional violation and they are entitled to immunity. (*Id.*).

Plaintiff contends that he sought state and federal habeas relief challenging the application of the 2004 version of the State's parole statute and that the claims in the present suit differ from the claims in his state and federal habeas suits by "facts and dates." (Docket Entry No.52, pages 3-4). He also contends that "collateral estoppel does not apply to habeas corpus." (Docket Entry No.52, page 3). He further contends that no other federal court rendered judgment on the merits of his *ex post facto* claim. (*Id.*, pages 5-6).

3

DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Issue Preclusion State Habeas Adjudication

Issue preclusion, or collateral estoppel, promotes the interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive. *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 n. 16 (2005). "[I]ssues actually litigated in the state court proceeding are entitled to the same preclusive effect in a subsequent federal section 1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984). Thus, Texas law governs the preclusive effect of the Texas habeas court's rulings in the present case. *See McCoy v. Hernandez*, 203 F.3d 371, 374 (5th Cir. 2000).

Under Texas law, the party seeking to assert the bar of collateral estoppel must establish that: (1) the facts sought to be litigated in the second action were fully and fairly

4

litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco Food Services v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994) (citations omitted); *see also State Farm Fire & Casualty Company v. Fullerton*, 118 F.3d 374, 377 (5th Cir. 1997). Strict mutuality of parties is no longer required. However, to fulfill the requirements of due process it is necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Trapnell*, 890 S.W.2d at 802.

The facts sought to be litigated in the present civil rights action regarding the Texas Parole Board's denial of parole in 2004 are the same facts that were fully litigated in plaintiff's state habeas action and were essential to the judgment in the state action. (Docket Entry No.47-3, pages 12-26); *Ex parte Kyles*, Application No.WR-09,384-02; *Kyles v. Dretke*, Civil Action No.H-06-1456 (S.D. Tex. May 19, 2006). Plaintiff was a party in the state habeas action and is a party in the present action. Although not named as parties to the habeas action, members of the Texas Board of Pardons and Paroles were cast as adversaries in the state habeas action because they denied plaintiff release in 2004; they are named as adversaries in the present action.[5]

Based on this record, the Court finds that plaintiff's *ex post facto* claim regarding the denial of parole in 2004 in the present action is barred by collateral estoppel. Defendants are therefore, entitled to summary judgment on this defense.

---

[5] However, in the state habeas action and in the present case, the State of Texas, and not the respondent or the individually named defendants, is plaintiff's adversary. *See* TEX. CODE CRIM. P. ANN. art. 11.14, § 1 (Vernon 2005) (requiring applicant to name as respondent person restraining him illegally); *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (finding suit against a defendant in his official capacity is actually a suit against the government entity the defendant serves and represents).

Claim Preclusion Federal Habeas Action

*Res judicata*, or claim preclusion, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). When a prior judgment was rendered by a federal court, federal law governs its preclusive effect. *See Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 n. 4 (5th Cir. 1986). For a prior judgment to bar an action on the basis of *res judicata*, the parties must be identical or in privity in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases. *In re Southmark Corp.*, 163 F.3d at 934.

Although defendants are not identical in name to the respondent named in plaintiff's state habeas action, they are in privity for purposes of issue preclusion. In both cases, plaintiff sought relief from the State of Texas and not the individually named respondent or defendants. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (noting "that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and that "[s]uits against state officials in their official capacity therefore should be treated as suits against the State"). In both cases, plaintiff complained that members of the Texas Board of Pardons and Paroles, and not the respondent, violated the *Ex Post Facto* Clause by applying new parole procedures in 2004. (Docket Entry No.47-3, pages 12-24). The State of Texas assumed control over the state habeas litigation with respect to this issue; therefore, defendants in this case, as members of the Texas Board of Pardons and Paroles, had their day in court even though they were not a formal party to the state habeas litigation. Moreover, all parties in this case are bound by the judgment in the state habeas proceeding. *See Taylor v. Sturgell*, 553 U.S. 880, 128 S.Ct. 2161, 2173 (2008).

Furthermore, the *ex post facto* issue regarding the denial of parole in 2004 in the present case is identical to the issue decided in *Kyles v. Dretke*, Civil Action No.H-06-1456 (S.D. Tex. May 19, 2006); the issue in both cases is based on the same nucleus of operative facts. *See In re Southmark Corp.*, 163 F.3d at 934. Respondent was granted summary judgment in the federal habeas case and the Fifth Circuit Court of Appeals affirmed. *Kyles v. Quarterman*, No.06-20495 (5th Cir. 2008) (per curiam) (finding that plaintiff put on no evidence in the state habeas proceedings to support his claim that the change in the Texas parole procedure violated the *Ex Post Facto* Clause as applied to him). Because plaintiff had the opportunity to fully and fairly litigate the *ex post facto* issue in his federal habeas action, his *ex post facto* claims regarding the denial of parole in 2002 and 2004 are barred by res judicata. *See In re Southmark Corp.*, 163 F.3d at 934 (noting that claim preclusion bars the litigation of claims that should have been raised in an earlier suit).

<u>Failure to State a Constitutional Violation</u>

The *Ex Post Facto* Clause is designed in part "to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). Retroactive changes to laws governing parole of prisoners may, in some cases, violate this precept. *Id.* at 250. More specifically, "changes to parole eligibility could retroactively increase punishment" in violation of the *Ex Post Facto* Clause. *Wallace v. Quarterman*, 516 F.3d 351, 355 (5th Cir. 2008). The controlling inquiry is whether retroactive application of the new law, as applied to plaintiff's sentence, creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner*, 529 U.S. at 250. A speculative and attenuated possibility of increasing the measure of punishment is not a

"sufficient risk" so as to establish an *Ex Post Facto* violation. *Cal. Dep't of Corrections v. Morales,* 514 U.S. 499, 508-09 (1995).

The Fifth Circuit has held that the Texas statute increasing the size of the parole voting panel in capital felonies from three members to the entire eighteen member body does not violate the *Ex Post Facto* Clause without evidence that an inmate would have received the required two votes under the previous panel size. *Wallace*, 516 F.3d at 354-56. Plaintiff has not shown in the present action that the retroactive application of the current Texas parole statute by defendants in 2002, 2004, and 2007 violates the *Ex Post Facto* Clause. Nothing in the record shows that the three Board members who served in the Angleton region, where he is incarcerated, would have been on a three-person panel appointed by the Texas Board of Pardons and Paroles to consider his parole in 2002, 2004, or 2007, if the former panel procedure had been applied to him. Plaintiff, therefore, fails to show that his constitutional rights have been violated.

Accordingly, plaintiff is not entitled to declaratory or injunctive relief.

### CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Defendants' motion for summary judgment (Docket Entry No.47) is GRANTED.

2. Plaintiff's civil rights action is DISMISSED WITH PREJUDICE.

3. All other pending motions are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 19th day of August, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

8